**SO ORDERED.**

**SIGNED this 23rd day of February, 2022.**



*Catharine R Aron*
_____
UNITED STATES BANKRUPTCY JUDGE

---

## UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
## DURHAM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| Cosmos Granite (Central), LLC, | ) | Bankruptcy Case No. 20-80347 |
|     Debtor. | ) |     Chapter 7 |
| | ) | |
| Cosmos Central Corp. | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | AP No. 20-09013 |
| ABTV Receivership Services, LLC, *et al,* | ) | |
|     Defendants. | ) | |
| | ) | |
| Vivid Cosmos Granite, LLC, | ) | |
|     Counter-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Cosmos Central Corp., | ) | |
|     Counter-Defendant. | ) | |
| | ) | |
| Vivid Cosmos Granite, LLC, | ) | |
|     Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Justh Holdings, LLC, | ) | |
|     Third-Party Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This adversary proceeding came before the Court on October 27, 2021, to consider the Motion to Dismiss Adversary Proceeding [Doc. #14] filed by Defendant ABTV Receivership Services, LLC ("ABTV") on August 18, 2020 and the Motion to Dismiss Adversary Proceeding [Doc. #110] filed by Defendant Srinivas C. Nallapati ("Sri") on August 31, 2021 (collectively the "Motions to Dismiss"). At the hearing, Caroline Mackie appeared on behalf of Defendant ABTV, Chris Graebe appeared on behalf of Defendant Sri, Clint Morse appeared on behalf of Plaintiff Cosmos Central Corp. ("Cosmos Corp."), and James Angell appeared as Chapter 7 Trustee. After considering the record in this proceeding and the arguments of counsel, the Court finds, sua sponte, that permissive abstention under 28 U.S.C. § 1334(c)(1) is appropriate in regard to the claims at issue in this adversary proceeding.

## FACTUAL AND PROCEDURAL BACKGROUND

The parties involved in this lawsuit have a long and winding history with one another in the North Carolina Business Court. This present action stems from *Nallapati, et al. v. CGM Group, LLC, et al.*, Case No. 18-CVS-3557, brought in the North Carolina Business Court (the "Dissolution Action") on March 20, 2018.[1] Plaintiffs Vamsi Nallapati and NVM Holdings, Inc. instituted the Dissolution Action seeking judicial dissolution of CGM Group, LLC ("Group") and CGM Holdings, LLC ("Holdings"). On January 26, 2019, the parties, along with the other voting members of Group and Holdings, signed a settlement agreement in the Dissolution Action which provided for the spin-off of five wholly owned operating subsidiaries of Group. The settlement agreement put into place a method of calculating "true-ups" that would be owed among the members to account for differences between their ownership stakes in Group and the

---

[1] The Dissolution Action was removed to this Court as Adversary Proceeding Number 20-09014.

value received in the spin-off.

Cosmos Granite (Central), LLC ("Central"), owned and operated by Sri, failed to spin-off, while the other four spin-offs were successful. Sri was unable to pay his true-up obligation pursuant to the settlement agreement, which resulted in Central remaining a wholly owned subsidiary of Group. Sri's inability to pay the true-up obligation led to a host of issues, which resulted in John Northen of Northen Blue, LLP being appointed as receiver over Group by the Business Court in the Dissolution Action on May 9, 2019. Northen, as receiver of Group, appointed himself as the liquidating trustee of Central. On May 28, 2019, the Business Court entered an order granting Northen's motion to appoint ABTV as the manager of Central, replacing Sri.

On July 12, 2019, the Business Court granted Northen's sale motion, approving the court supervised sale process by which the liquidation of Central would occur. By order dated September 4, 2019, the Business Court approved the final sale to Cosmos Corp. (the "Sale Approval Order").[2] The Business Court attached to the Sale Approval Order the asset purchase agreement that was executed between Central, through Northen, and Cosmos Corp. (the "APA"). In the Sale Approval Order, the Business Court retained jurisdiction to interpret, enforce, and implement the terms and provisions of, and adjudicate disputes related to, the Sales Approval Order and the APA. The APA provided for post-closing adjustments between Central and Cosmos Corp. and the parties entered into a Side Letter Agreement which set out the process by which the adjustments would be calculated and paid. The Side Letter Agreement provided that Cosmos Corp. had a period of time to object to the calculations, and those objections would be resolved either by agreement or would be submitted to the Business Court for resolution.

---

[2] Justh Holdings, LLC ("Justh") was the entity that actually participated in the auction and closing. Justh assigned all its rights and interest in its prevailing bid to Cosmos Corp.

Shortly after the closing of the sale, Cosmos Corp. began to make demands for adjustments pursuant to the Side Letter Agreement. The disputes were never submitted to the Business Court.

On November 1, 2019, Cosmos Corp. filed a complaint in Wake County Superior Court related to the sale of Central, *Cosmos Central Corp. v. ABTV Receivership Services, LLC, et al.,* (Case No. 19-CVS-14948) (the "Misrepresentation Action"). On December 4, 2019, this case was designated a mandatory complex business case. On December 20, 2019, Cosmos Corp. filed its First Amended Complaint in the North Carolina Business Court with a jury trial demand against numerous defendants including ABTV, John Fioretti (ABTV's principal), Sri, Patrick Leonard (former CFO, controller, accountant, and bookkeeper of Central) (collectively the "Misrepresentation Defendants"), as well as Central and certain creditors of Central. Cosmos Corp alleges seven causes of action in relation to sale: I) Negligent Misrepresentation against the Misrepresentation Defendants only, II) Fraud against the Misrepresentation Defendants only, III) Civil Conspiracy against the Misrepresentation Defendants only, IV) Unjust Enrichment against the Misrepresentation Defendants only, V) Breach of Contract against Central only, VI) Declaratory Action as to all Defendants, and VII) N.C. Gen. Stat. § 1-508 as to all Defendants. Sri, ABTV, and Patrick Leonard filed motions to dismiss the First Amended Complaint. Prior to these motions being heard by the Business Court, the Misrepresentation Action was removed to this Court as Adversary Proceeding Number 20-09013. The motions to dismiss filed by Sri and ABTV are the same Motions to Dismiss presently before this Court.

As a result of the post-closing adjustments dispute and the filing of the Misrepresentation Action, John Northen filed a Motion for Authority to File Chapter 7 Bankruptcy Petition for Central in the Dissolution Action on November 11, 2019. The Business Court denied that motion

as premature, as neither party had pursued resolution of the disputes in the Business Court. The parties proceeded to mediation, which resulted in a settlement agreement being presented to the Business Court. Both NSC Holdings, Inc., owned and operated by Sri, and ABTV objected to the settlement agreement. On July 23, 2020, the Business Court issued an order denying, without prejudice, the settlement motion in part because it likely disadvantaged Central's third-party creditors who would have to submit their claims to John Northen, as receiver, for resolution by the Business Court pursuant to the proposed claims process in the settlement motion. In that order, the Business Court found that Central's creditors were likely "more familiar and comfortable with the long-established procedures administered by the United States bankruptcy courts and may be more likely to make claims with the bankruptcy court." Order on Receiver's Motion for Approval of Compromise and Settlement (Dissolution Action, Doc. # 326). John Northen, as receiver, then proceeded to file voluntary petitions seeking relief under Chapter 7 of the Bankruptcy Code on behalf of Holdings, Group, and Central on July 23, 2020. Both the Dissolution Action and this Misrepresentation Action were removed to the Bankruptcy Court as the issues presented were both core and non-core.

While under the authority of this Court, the parties have continued to negotiate and make progress towards settlement. This Court has entered multiple Orders Approving Settlement Agreements, such that all matters are now resolved with the exception of the non-core claims of Cosmos Corp. against the Misrepresentation Defendants for which these Motions to Dismiss have been filed.[3] (Doc. # 109 & 120). After the hearing, on December 2, 2021, Cosmos Corp.

---

[3] When Cosmos Corp., ABTV, and Sri appeared before the Court to litigate the Motions to Dismiss, they informed the Court that they had reached a settlement the night before. The Settlement was offered by Cosmos Corp. and was signed and executed by Sri and ABTV. However, at the hearing, Cosmos Corp. informed the Court that they did not wish to be bound by the settlement agreement due to an error of counsel in which the wrong settlement agreement was tendered to Sri and ABTV which omitted two essential terms. The terms of the settlement involve outside issues between the

filed a notice of voluntary dismissal as to ABTV and John Fioretti, leaving Sri and Patrick Leonard as the only remaining defendants.

## DISCUSSION

After a careful review of the remaining issues in this case, the Court will permissively abstain from ruling pursuant to 28 U.S.C. § 1334(c)(1). The Court may raise the issue of permissive abstention sua sponte. *James v. Select Portfolio Servicing, Inc. (In re James)*, Case No. 20-50263, Ad. Proc. No. 20-06085, 2020 Bankr. LEXIS 3333 at *9 (Bankr. M.D.N.C. Oct. 23, 2020) (internal citation omitted). There are twelve non-exclusive factors that the court should consider when determining whether permissive abstention is appropriate:

> (1) efficiency in the administration of the debtor's estate; (2) the extent to which state law issues predominate over bankruptcy issues; (3) whether the issues involve difficult or unsettled issues of state law; (4) the presence of a related proceeding commenced in state court; (5) the existence of a jurisdictional basis other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state courts; (9) the burden of the bankruptcy court's docket; (10) the likelihood that the commencement of the proceedings in bankruptcy court involved forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) whether non-debtor parties are involved in the proceeding.

*Id.* at 9-10 (citing *Harvey v. Dambowsky (In re Dambowsky)*, 526 B.R. 590, 606 (Bankr. M.D.N.C. 2015)). These factors are "weighed in light of the circumstances of the individual case." *Id.* at 10 (quoting *Smith v. McLeskey (In re Bay Vista of Va., Inc.)*, 394 B.R. 820 (Bankr. E.D. Va. 2008). In this case, the facts heavily weigh towards permissive abstention.

The Business Court has a long history with the case at hand. The Motions to Dismiss presently before this Court, were originally filed in the Business Court in Case No. 19-CVS-

---

parties that extend beyond the knowledge of this Court. Specifically, the omitted term involves another entity, Dynamo, which is also owned by Sri. No information has been provided to this Court about Dynamo such that this Court would not be able to make a ruling on the settlement agreement.

14948 with a jury trial demand. All of the acts and misrepresentations alleged in this complaint occurred while the matter was under the jurisdiction of the Business Court. The Business Court approved the appointment of ABTV, the Business Court oversaw the sale process of Central and approved the sale, and the Business Court is the forum in which the post-closing adjustment disputes should have been heard pursuant to the APA and Side Letter Agreement. Those disputes were never submitted to the Business Court. The Business Court should be the court to determine if any of its orders were violated and is a better forum for this case to be heard given the jury trial demand. The remaining dispute presently before the Court has no effect on the bankruptcy estate and the issues that remain in this case are non-core. State law issues predominate and the Business Court, with its longstanding history and involvement in this case, is the best forum to hear this dispute.

## CONCLUSION

For the reasons discussed above, the court finds, sua sponte, that permissive abstention is appropriate under 28 U.S.C. § 1334(c)(1) and will abstain from hearing and determining this adversary proceeding and will remand the case back to the Business Court.

Accordingly, IT IS HEREBY ORDERED that:

1) Pursuant to 28 U.S.C. § 1334(c)(1), the Court abstains from further hearing on Adversary Proceeding Number 20-09013, originally filed with the North Carolina Business Court under case number 19-CVS-14948.

2) The court remands Adversary Proceeding Number 20-09013, originally filed under case number 19-CVS-14948, back to the North Carolina Business Court pursuant to 28 U.S.C. § 1452(b).

**PARTIES TO BE SERVED:**

**ALL PARTIES IN MAIN CASE AND ADVERSARY TO BE SERVED**